STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

* * * * * * *

*JEW*

*JMG by JEW*

2019 CU 1486

DANIELLE GLENN GAUTREAUX

VERSUS

EVAN GAUTREAUX

JUDGMENT RENDERED: **JUL 2 3 2020**

* * * * * * *

Appealed from the
The Family Court
In and for the Parish of East Baton Rouge• State of Louisiana
Suit Number F205957 • Division C

The Honorable Charlene Day, Judge Presiding

* * * * * * *

Melanie Newkome Jones
Brian J. Prendergast
Thomas H. Hessburg
Baton Rouge, Louisiana

ATTORNEYS FOR APPELLANT
DEFENDANT—Evan Gautreaux


Natalie C. Neale
Vincent A. Saffiotti
Laurie N. Marien
Baton Rouge, Louisiana

ATTORNEYS FOR APPELLEE,
PLAINTIFF—Danielle Glenn
Gautreaux

* * * * * * *

BEFORE: GUIDRY, WELCH, AND HOLDRIDGE, JJ.

Holdridge J., concurs but based upon the trial court reviewing the relocation to insure That there are no detrimental effects to the minor children.

**WELCH, J.**

The defendant, Evan Gautreaux, appeals a trial court judgment in favor of the plaintiff, Danielle Glenn Gautreaux (now "Corbin"), authorizing her to relocate the principal residence of their children to Washington, D.C. Finding no abuse of the trial court's vast discretion with regard to such matters, we affirm the judgment of the trial court and issue this memorandum opinion in compliance with Uniform Rules, Courts of Appeal, Rule 2-16.1(B).

The parties were married on January 6, 2007, and of the marriage three children were born: C.G., born September 20, 2011 (now deceased); P.G., born October 24, 2012; and P.G., born July 15, 2015. Around June 2, 2016, the parties physically separated, and thereafter, on August 23, 2016, Mrs. Corbin filed a petition for divorce. On October 5, 2016, the parties entered into a stipulated judgment, which granted the parties joint custody of the two minor children and granted Mr. Gautreaux periods of physical custody in accordance with his work schedule. However, the judgment did not outline a specific physical custodial schedule or designate a domiciliary parent. The judgment also ordered Mr. Gautreaux to pay $750.00 per month in child support and provided that the parties would split certain costs of the children according to their percentage share of their combined income.

On January 27, 2017, Ms. Corbin filed a rule requesting that a physical custodial schedule and joint custody implementation plan be set and that child support be modified. In response, on March 21, 2017, Mr. Gautreaux filed a rule seeking a modification of physical custody, designation as the domiciliary parent, determination of a joint custody implementation plan, and modification of child support. Thereafter, on September 11, 2017, the parties entered into another stipulated judgment.

2

The September 11, 2017 judgment maintained joint custody between the parties, but designated Mrs. Corbin as the domiciliary parent, and set forth a specific shared custodial arrangement between the parties on a "2-2-5-5" basis, as well as a specific holiday schedule. The parties agreed that neither party would owe child support to the other and that they would equally share expenses of the children. The stipulated judgment also appointed Renee McCarthy as a parenting coordinator and enacted other provisions for the implementation of joint custody.

On February 27, 2019, Mrs. Corbin filed a rule requesting court authorization to relocate the minor children's residence to Washington, D.C. In the rule, she alleged that her husband, Lieutenant Commander Neal Corbin, was an active duty service member with the United States Coast Guard and that he had received orders stationing him at the Joint Base Anacostia-Bolling in Washington, D.C. Therefore, Mrs. Corbin requested that the Court allow her to relocate with the minor children to Washington, D.C. Mrs. Corbin further alleged that she had received a job offer in Washington, D.C. as an audiologist. On March 13, 2019, Mr. Gautreaux filed an objection to the proposed relocation and requested a modification of custody wherein the children would primarily reside with him, and he would be designated as the domiciliary parent. A trial on the matter was held and, at the conclusion of evidence, the trial court granted Ms. Corbin's request to relocate the children's residence to Washington, D.C. A judgment in accordance with the trial court's ruling was signed on July 23, 2019 and it is from this judgment that Mr. Gautreaux has appealed.

Under certain circumstances, the relocation of a child's principal residence to a location out of state or in state is governed by Louisiana's relocation statutes, La. R.S. 9:355.1-9:355.19. La. R.S. 9:355.2. When the relocation of the children's principal residence is contested, La. R.S. 9:355.10 requires that the relocating parent prove that the proposed relocation is: (1) made in good faith; and (2) in the

best interest of the child. Thus, Louisiana's relocation statutes retain the "best interest of the child" standard as the fundamental principle governing decisions made pursuant to its provisions. **Curole v. Curole**, 2002-1891 (La. 10/15/02), 828 So.2d 1094, 1096.

Louisiana Revised Statutes 9:355.14(A) provides that:

In reaching its decision regarding a proposed relocation, the court shall consider all relevant factors in determining whether relocation is in the best interest of the child, including the following:

(1) The nature, quality, extent of involvement, and duration of the relationship of the child with the person proposing relocation and with the non-relocating person, siblings, and other significant persons in the child's life.

(2) The age, developmental stage, needs of the child, and the likely impact the relocation will have on the child's physical, educational, and emotional development.

(3) The feasibility of preserving a good relationship between the non-relocating person and the child through suitable physical custody or visitation arrangements, considering the logistics and financial circumstances of the parties.

(4) The child's views about the proposed relocation, taking into consideration the age and maturity of the child.

(5) Whether there is an established pattern of conduct by either the person seeking or the person opposing the relocation, either to promote or thwart the relationship of the child and the other party.

(6) How the relocation of the child will affect the general quality of life for the child, including but not limited to financial or emotional benefit and educational opportunity.

(7) The reasons of each person for seeking or opposing the relocation.

(8) The current employment and economic circumstances of each person and how the proposed relocation may affect the circumstances of the child.

(9) The extent to which the objecting person has fulfilled his financial obligations to the person seeking relocation, including child support, spousal support, and community property, and alimentary obligations.

(10) The feasibility of a relocation by the objecting person.

(11) Any history of substance abuse, harassment, or violence by either the person seeking or the person opposing relocation, including a

4

consideration of the severity of the conduct and the failure or success of any attempts at rehabilitation.

(12) Any other factors affecting the best interest of the child.

A trial court's determination in a relocation matter is entitled to great weight and will not be overturned on appeal absent a clear showing of abuse of discretion. **Curole**, 828 So.2d at 1096. However, as to any underlying factual findings made by the trial court, such as whether the proposed relocation was made in good faith and whether the proposed relocation was in the best interest of the child, the manifest error standard of review is applicable. See **Curole**, 828 So.2d at 1097-1098 and 1100-1101.

In this case, the trial court found that Mrs. Corbin's request to relocate the residence of the minor children was made in good faith and that it was in the best interest of the children. As to whether Mrs. Corbin's request to relocate was made in good faith, the record reflects that Mrs. Corbin's request was based on the fact that her husband, an active member of the United States Coast Guard, had received orders stationing him in Washington, D.C. and that he would be receiving additional pay as a result of the transfer order. The record also reflects that the trial court considered the factors set forth in La. R.S. 9:355.14, and found that the majority of the factors weighed in favor of Mrs. Corbin and the relocation being in the best interest of the children. In this regard, the trial court was particularly concerned about Mr. Gautreaux's current employment and economic circumstances. The trial court found that Mr. Gautreaux and his new wife were not in a stable financial position to support two children, whereas Mrs. Corbin and her husband were in a much better financial position to provide the children financial security and opportunity. The trial court also found that the move to Washington, D.C. would positively impact the children's physical, educational, and emotional development; therefore, Mrs. Corbin was better suited to facilitate the physical,

5

educational, and emotional development of the children. The trial court further noted that Mrs. Corbin had historically been the more stable and morally fit parent, as well as the children's primary caregiver, and that she has been and is willing to facilitate a loving relationship between the children and their father. The trial court also noted concerns about the stability of Mr. Gautreaux's home, current marital relationship, and moral fitness of him and his new wife.

Based on our review of the record, we find the trial court's factual findings that the proposed relocation was made in good faith and was in the best interest of the children were reasonably supported by the record and were not manifestly erroneous. As such, we cannot say that the trial court abused its discretion in granting Mrs. Corbin's request to relocate the children's residence to Washington, D.C.

Accordingly, the July 23, 2019 judgment of the trial court is affirmed. All costs of this appeal are assessed to the defendant/appellant, Evan Gautreaux.

**AFFIRMED.**